cause, and we, therefore, overrule bills of exception Nos. 2 and 3.

Bills of exception Nos. 6 and 7 refer to the introduction of a search warrant before the court authorizing a search of the filling station of appellant. We dispose of them by saying that such warrant was never used, the officers having arrested appellant with the two broken fruit jars in his possession some three hundred yards away from his station in another person's pasture, where evidently such liquor was hidden, and we see no error reflected therein.

Bill of exceptions No. 9 complains of a character witness for appellant who had testified as to appellant's general reputation for truth and veracity, who upon his cross-examination, according to said bill, was asked what appellant sold at his filling station. The witness answered that he sold gasoline, kerosene and some canned goods. He was then asked what else he sold except gasoline, kerosene and canned goods, and the witness answered that he had heard the defendant sold whisky out there. However the trial court's qualification thereto says that "such statement of the witness Simpson was a voluntary statement on his part and the question was not asked by State's attorney at all, and that as soon as defendant's witness Simpson made the voluntary statement that he had heard the defendant had sold whiskey, then the State objected to his voluntary statement and asked the court to exclude same, and the court instructed the jury not to consider same." Under the condition this bill is in we accept the court's qualification as reflecting the true facts therein, and as there shown we are constrained to hold that no error is reflected therein. It would be a dangerous doctrine to lay down should we say that a voluntary statement of a defendant's witness, not called for by the State's questioning, could under no circumstances be controlled by the court's instruction relative thereto. Under the facts of the present case we do not regard the voluntary statement complained of to be of such character as could not be withdrawn by the court's instruction. This bill will be overruled.

Bill of exceptions No. 13 seems to be without merit, and is overruled.

Bills of exception Nos. 14 and 15, in one instrument, relate to a purported argument of the special prosecutor, Mr. Pharr.

The trial court refused such bill with the notation thereon as follows: "This bill is refused because Mr. Pharr did not make the above quoted statement or anything similar to it." Under these circumstances appellant has no bill at all; had he desired to present this matter to this court he should have presented the same in a bystanders' bill, were he able to do so. As the record now stands, we have naught to consider.

We do not think any serious error that should result in a reversal of this case has been shown, and the motion for rehearing is overruled.

**LAMPIN v. STATE.**

No. 20099.

Court of Criminal Appeals of Texas.

Jan. 25, 1939.

Sam T. Holt and Fred Whitaker, both of Carthage, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for theft of cattle, punishment assessed being five years in the penitentiary.

The indictment appears to be in proper form. The record contains neither statement of facts nor bills of exception, in which condition nothing is presented for review.

The judgment is affirmed.